■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN LAURENCE GREENE, Appellant.—Appeal from a judgment of the County

Court of Schuyler County, rendered June 17, 1977, upon a verdict convicting defendant of the crime of criminal facilitation in the first degree and sentencing him to an indeterminate term of imprisonment of not less than 5 years nor more than 15 years. As a result of an incident in June of 1976, wherein a woman was shot and killed and her male companion was seriously wounded, defendant and two others were indicted for the crimes of murder in the second degree (Penal Law, § 125.25) and assault in the first degree (Penal Law, § 120.10). Following a *Huntley* hearing, after which the court determined that defendant had voluntarily given inculpatory statements to the police and that defendant's constitutional rights had not been violated, a trial was conducted, and defendant was convicted by jury verdict of the lesser included offense of criminal facilitation in the first degree (Penal Law, § 115.05). He was thereafter sentenced to an indeterminate term of imprisonment of not less than 5 years nor more than 15 years, and the instant appeal ensued. Seeking a reversal of the judgment, defendant presently does not contest the court's finding that he was properly advised of his rights in advance of his giving the inculpatory statements and that said statements were voluntary. Instead, he asserts that he has a Sixth Amendment (US Const, 6th Amdt) right to counsel which is broader in scope and effect than his Fifth Amendment (US Const, 5th Amdt) right against self incrimination and that this right to counsel was violated in this instance. We cannot agree. Although there are admittedly situations where a defendant's right to counsel, but not his right against self incrimination would be applicable (see *People v Craft,* 28 NY2d 274; *People v Gursey,* 22 NY2d 224) and, consequently, the right to counsel would in this sense be broader in scope and effect, such a situation is not presented in the instant case. Here, we are concerned with defendant's rights under both the Fifth and Sixth Amendments, and defendant concedes the propriety of the determination that his Fifth Amendment rights were adequately protected and that his inculpatory statements were voluntary. By necessary inference, he thereby also concedes that there was no violation of his Sixth Amendment right to counsel because, under the prevailing circumstances, his Fifth Amendment right against self incrimination could only have been protected if he freely and intelligently waived his right to counsel *(Miranda v Arizona,* 384 US 436). There is clearly ample evidentiary support for the finding that defendant did not affirmatively request the assistance of counsel during his interrogation by the police. Finally, defendant contends that the court erred in refusing to grant defense counsel's third request to charge. That request was as follows: "that the jury shall return a verdict of not guilty if it should find, as a fact, that heretofore at any time defendant requested counsel but was not afforded a reasonable opportunity to contact same". Clearly, the request was erroneous as a matter of law (cf. *People v Gursey, supra).* Moreover, an examination of the record reveals that the court adequately treated and explained the defendant's right to counsel in the charge given. Judgment affirmed. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.